STATE OF NORTH CAROLINA v. LARUE SHERMAN
— AND —
STATE OF NORTH CAROLINA v. FRANK GAINEY

No. 724SC642

(Filed 20 December 1972)

**Escape § 1— felonious escape — sufficiency of evidence**
    State's evidence required submission of defendant's case to the jury where it tended to show that defendants were serving sentences

imposed upon convictions for felonies, that it was determined that defendants were missing from their prison unit and that defendants were apprehended the next day at a place other than within the confines of the prison unit.

APPEAL by defendants from *Rouse, Judge,* 24 April 1972 Session of Superior Court held in SAMPSON County.

Defendants were charged in separate bills of indictment with felonious escape.

The State's evidence tended to show the following: On 13 November 1971 defendant LaRue Sherman was serving a sentence imposed upon a conviction in Johnston County of the felony of armed robbery; on 13 November 1971 defendant Frank Gainey was serving a sentence imposed upon a conviction in Cumberland County of the felony of armed robbery; on 13 November 1971 both defendants were in custody in prison unit 4545 located near Clinton in Sampson County; at the time for the evening lockup at unit 4545 on 13 November 1971 it was determined that defendants were missing; in response to a call from the captain in charge of unit 4545, the highway patrol and Clinton police aided in a search for defendants; at about 4:00 a.m. on 14 November 1971, patrolman L. W. Harrington apprehended both defendants on Peterson Street in the town of Clinton and, with the aid of the Clinton police, returned the two defendants to unit 4545. Defendants offered no evidence.

From verdicts of guilty of felonious escape, and additional prison sentences imposed thereon, defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Mitchell, for the State.*

*Joseph B. Chambliss for the defendants.*

BROCK, Judge.

The State's evidence required submission of these cases to the jury, and it supports the verdicts of guilty. We have examined the record proper in each case and no prejudicial error appears.

No error.

Chief Judge MALLARD and Judge BRITT concur.